UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

Michael Kramer aka Michael B. Kramer,                  Chapter 7
and Margaret E. Kramer aka Margaret Cohen
aka Margaret Mills,

                                                      Case No. 17-70741-reg

                                         Debtors.
----------------------------------------------------------------x
R. Kenneth Barnard, as Chapter 7 Trustee of the Estates of
Michael Kramer aka Michael B. Kramer,
and Margaret E. Kramer aka Margaret Cohen
aka Margaret Mills,

                                     Plaintiff,

                                                       Adv. Pro. No. 18-08002-reg

         -against-

Nationstar Mortgage LLC, as Servicing Agent for Wells
Fargo Bank, National Association, as Trustee for Securitized
Asset Backed Receivables LLC Trust 2005-FR4 Mortgage
Pass-Through Certificates, Series 2005-FR4, John Doe "1"
Through "100", and Other John Doe Entities "1" Through
"100",
                                     Defendants.
----------------------------------------------------------------x

## JUDGMENT

For the reasons set forth in the Court's Memorandum Decision dated November 27, 2019 and Order dated November 27, 2019, the Court enters Judgment in favor of the Trustee as to the Second Cause of Action, and it is hereby adjudged as follows:

Judgment is hereby entered in favor of the Plaintiff and against Nationstar Mortgage LLC, as Servicing Agent for Wells Fargo Bank, National Association, as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR4 Mortgage Pass-Through Certificates, Series 2005-FR4 ("Defendant") as to the Second Cause of Action:

(i) barring forever the Defendant and every person claiming under the Defendant from any and all claims to an estate or interest in the Debtors' property located at 91 Whiskey Road, Middle Island, NY ("Property");

(ii) declaring that the 2005 Note and 2005 Mortgage are void, cancelled and discharged pursuant to RPAPL § 1501;

(iii) directing the Clerk of the County of Suffolk to cancel and discharge of record the 2005 Mortgage;

(iv) determining that the Defendant holds no secured claim against the Debtors' estate and that the lien related to the 2005 Mortgage is void pursuant to Bankruptcy Code § 506(d);

(v)   disallowing the Defendant's claim against the Debtors' estate in its entirety pursuant to Bankruptcy Code § 502;

(vi)  declaring that the 2005 Note and 2005 Mortgage are preserved for the benefit of the Debtors' estate pursuant to Bankruptcy Code § 551; and

(vii) adjudging and determining that the Plaintiff is the lawful owner and vested in title to the Property, free and clear of the 2005 Note and 2005 Mortgage.

_____

**Dated: Central Islip, New York**  **Robert E. Grossman**
       **November 27, 2019**          **United States Bankruptcy Judge**